UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| TRI-CITY ELECTRIC COMPANY OF IOWA,<br><br>      Plaintiff,<br><br>v.<br><br>HEATHER RIDGE IL TC, LP, AMERICAN PRESERVATION BUILDERS, LLC; BERKADIA COMMERCIAL MORTGAGE LLC; ILLINOIS HOUSING DEVELOPMENT AUTHORITY; UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT AND THE SECRETARY OF HOUSING AND URBAN DEVELOPMENT; STORM RECOVERY ROOFING & SIDING; NU-TREND ACCESSIBILITY SYSTEMS INC.; CITY OF ROCK ISLAND, ILLINOIS; MILLENNIA HOUSING DEVELOPMENT, LTD.; UNKNOWN OWNERS; NON-RECORD CLAIMANTS; INTERESTED PERSONS; and UKNOWN NECESSARY PARTIES,<br><br>      Defendants. | Case No. 23-cv-4135<br><br>Chief Judge Sara Darrow<br><br>Magistrate Judge Jonathan E. Hawley |

## VERIFIED FIRST AMENDED COMPLAINT FOR
## FORECLOSURE OF SUBCONTRACTOR'S CLAIM FOR LIEN

Plaintiff Tri-City Electric Company of Iowa, by and through its undersigned counsel, states as follows for its Verified First Amended Complaint against Heather Ridge IL TC, LP, American Preservation Builders, LLC, Berkadia Commercial Mortgage LLC, Illinois Housing Development Authority, United States Department of Housing and Urban Development, the Secretary of Housing and Urban Development, the City of Rock Island, Storm Recovery Roofing & Siding, Nu-Trend Accessibility Systems Inc., Millennia Housing Development, Ltd., Unknown Owners, Non-Record Claimants, Interested Persons, and Unknown Necessary Parties:

## PARTIES

1. Plaintiff Tri-City Electric Company of Iowa ("Tri-City") is an Iowa corporation, with its principal place of business located at 6225 N. Brady, Davenport, Iowa 52806. Tri-City is an electrical contractor engaged in the business of electrical construction.

2. On information and belief, Heather Ridge IL TC, LP ("Owner") is an Illinois limited partnership with its principal office located at 4000 Key Tower, 127 Public Square, Cleveland, Ohio 44114.

3. By and through a deed recorded on April 22, 2019, Owner became the record property owner of real estate in Rock Island County, Illinois, commonly known as 9500 14th Street West, Rock Island, Illinois 61201 and having the Permanent Index Numbers 16-34-200-009 and 16-34-200-010, which is legally described in the document attached hereto as **Exhibit A**. For the remainder of this Complaint, this real estate and all improvements constructed thereon shall be referred to herein as the "Real Estate."

4. On information and belief, American Preservation Builders, LLC ("APB") is an Ohio limited liability company with its principal office located at 4000 Key Tower, 127 Public Square, Cleveland, Ohio 44114. APB is or was engaged in the business of construction, specifically serving as a general contractor.

5. Owner hired APB to act as the general contractor to furnish labor, materials and equipment to construct an apartment complex on the Real Estate (the "Project").

6. On information and belief, Berkadia Commercial Mortgage LLC ("Berkadia") is a Delaware limited liability company with a principal office located at 323 Norristown Road #300, Ambler, Pennsylvania, 19002. At all times herein mentioned, Berkadia maintained a Multifamily Mortgage, Assignment of Leases and Rents and Security Agreement to the Real Estate. Said

Multifamily Mortgage, Assignment of Leases and Rents and Security Agreement was made by Heather Ridge, dated April 1, 2019 and recorded with the Rock Island County Recorder on April 22, 2019 as Document No. 2019-05022. Berkadia also maintained a UCC Financing Statement to the Real Estate recorded with the Rock Island County Recorder on April 22, 2019 as Document No. 2019-05023.

7. On information and belief, the Illinois Housing Development Authority ("IHDA") is a self-supporting agency to finance affordable housing across Illinois. IHDA and Owner entered into a Low Income Housing Tax Credit Extended Use Agreement with respect to the Real Estate which was recorded with the Rock Island County Recorder on April 22, 2019 as Document No. 2019-05018. IHDA also maintained one or more regulatory agreements recorded with the Rock Island County Recorder on April 22, 2019 as Document Nos. 2019-05020 and 2019-05021.

8. On information and belief, the United States Department of Housing and Urban Development ("HUD") is one of the executive departments of the U.S. federal government and is headed by the Secretary of Housing and Urban Development ("HUD Secretary"). HUD and the Owner entered into a Regulatory Agreement for Multifamily Projects to the Real Estate recorded with the Rock Island County Recorder on April 22, 2019 as Document No. 2019-05019.

9. Each of the following entities have asserted and are presently maintaining purported claims for mechanics lien against the Real Estate. Storm Recovery Roofing & Siding ("Storm Recovery") is an Iowa limited liability company with its principal office located at 1509 3rd Avenue A, Moline, Iowa 61265. Storm Recovery is engaged in the business of installing roofing and siding. Nu-Trend Accessibility Systems Inc. ("Nu-Trend") is an Illinois corporation located at 1808 34th Street, Moline, IL 61265. Nu-Trend installs accessibility equipment.

10. The City of Rock Island is a municipal body that may have some right, title, or

interest in and to the Real Estate.

11. On information and belief, Millennia Housing Development, Ltd. ("Millennia") is an Ohio limited liability company with its principal office located at 4000 Key Tower, 127 Public Square, Cleveland, Ohio 44114. Millennia is engaged in the business of acquiring, recapitalizing and redeveloping real estate assets. On information and belief, Millennia, APB, and the Owner (collectively, the "Millennia Parties") all operate out of the same physical address in Ohio and are affiliates and/or related entities.

## JURISDICTION, AND VENUE

12. This dispute concerns Tri-City's claim for payment for the labor, materials, and equipment it furnished to and for the benefit of the Project which improved the Real Estate.

13. The actions that give rise to this lawsuit occurred primarily within Rock Island County, Illinois and involve real property and a construction project which are located in Rock Island County, Illinois.

14. This Court has jurisdiction over this action pursuant to 28 U.S. Code § 1442.

15. Venue is proper in this Court pursuant to 28 U.S. Code § 1446 since this is the district and division in which the civil action was pending prior to removal. Venue is also proper pursuant to 28 U.S. Code § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated in this judicial district.

## COUNT I
## FORECLOSURE OF MECHANICS LIEN
### (Against All Defendants)

16. Tri-City reincorporates and realleges paragraphs 1 through 15 as fully set forth in this Count I as paragraph 16.

17. On information and belief, after acquiring record ownership in the Real Estate, and on or before April 25, 2019, Owner either (a) on its own, or, (b) by and through an agent or someone knowingly authorized by Owner to enter into agreements related to the improvement of the Real Estate, entered into a construction contract with APB to furnish labor, material and equipment to construct the Project on the Real Estate (the "General Contract"). Tri-City does not have a copy of the General Contract, but on information and belief, understands that Owner and APB have copies.

18. On or about April 25, 2019, Tri-City and APB entered into a written subcontract agreement, wherein Tri-City was to furnish electrical materials, fixtures, services, and labor as described on the written subcontract agreement attached hereto as **Exhibit B** and incorporated herein by this reference, for the construction of the Project and improvement and benefit of the Real Estate (the "Subcontract").

19. Pursuant to the Subcontract, Tri-City was to be paid Six Hundred Forty-Five Thousand Five Hundred Fifty-Five Dollars and Thirty-Three Cents ($645,555.33) for the performance of its scope of work.

20. Throughout the course of performing the Subcontract scope of work, APB, again with the knowledge, consent, and authorization of Owner, directed Tri-City to perform additional and changed work above its Subcontract scope of work. Tri-City performed this additional and changed work as directed.

21. This additional and changed work performed by Tri-City pursuant to these directives was: (i) outside the scope of the Subcontract; (ii) directed by APB; (iii) expressly agreed to be paid for by APB; (iv) not furnished by Tri-City as a voluntary act; and (v) not rendered necessary by any fault of Tri-City.

22. The total Subcontract sum, adjusted for the additional and changed work not included in the original Subcontract sum, that APB agreed to pay Tri-City in exchange for its services under the Subcontract was $708,958.85.

23. APB fell behind in its payments due to Tri-City, causing Tri-City to stop work on July 25, 2021.

24. Within 90 days of July 25, 2021, Tri-City served its notice of intent to lien was served pursuant to Section 24 of the Illinois Mechanics Lien Act, 770 ILCS 60/24 by certified mail, return receipt requested, restricted delivery. A true and correct copy of Tri-City's Notice of Intent to Lien is attached hereto as **Exhibit C** and incorporated by reference herein. Upon information and belief, APB issued a sworn statement to Owner showing the amount due to Tri-City pursuant to Section 24 of the Act.

25. Within four months of July 25, 2021, Tri-City recorded with the Rock Island County Recorder a lien against the Real Estate for $178,613.65 as Document No. 2021-15904 ("Claim for Lien"). A copy of said Claim for Lien is hereinafter attached and marked **Exhibit D** and incorporated herein by reference.

26. Tri-City returned briefly to the Project in 2022 to perform certain work within the scope of its Subcontract. When payment was still not forthcoming, Tri-City exercised its right under the Subcontract to stop work until payment of the amounts due and owing from APB had been received.

27. June 29, 2022 was Tri-City's last day of furnishing of materials, fixtures, services, and labor on or for the benefit of the Project.

28. With respect to all services provided by Tri-City under the Subcontract, including additional and changed work requested by APB, Tri-City has received payment in the amount of

Five Hundred Fifteen Thousand Nine Hundred Fifty-One Dollars and Ninety Cents ($515,951.90).

29. At the time APB stopped work, the value of the work remaining to be performed under the Subcontract, including changed and additional work, was $13,029.89 ("Balance to Finish").

30. Except for the Balance to Finish, Plaintiff furnished all other materials, fixtures, services, and labor required of it under the Subcontract, including the changed and additional work requested by APB, and complied with all terms and provisions thereof.

31. The materials, fixtures, services, and labor furnished by Tri-City were delivered to and accepted by Owner and APB and, as such, constitute a permanent and valuable improvement to said Real Estate.

32. After all credits applied, there is now due and payable the sum of One Hundred Seventy-Seven Thousand One Hundred Eighty-One Dollars and Six Cents ($177,181.06) for Tri-City's Subcontract balance, including additional and changed services.

33. Despite repeated requests, Owner and APB have failed to pay the amount due to Tri-City.

34. All of the labor, materials, and equipment furnished by Tri-City were delivered to and accepted by APB, were used in the improvement of the Real Estate, and form an integral and constituent part thereof.

35. All of the labor, materials, and equipment furnished by Tri-City constitute a permanent and valuable improvement of the Real Estate.

36. All labor, materials and equipment were furnished by Tri-City with the knowledge and consent of Owner and any other agent or entity authorized to contract with APB for improvements to the Real Estate.

37. By reason of said nonpayment of the aforesaid sum and the recording of its Claim for Lien, Tri-City asserts its Claim for Lien against the Property, up to and including the current amount due of One Hundred Seventy-Seven Thousand One Hundred Eighty-One Dollars and Six Cents ($177,181.06). Tri-City is entitled to foreclose on its Claim for Lien and has filed this lawsuit within two (2) years of its last day of work.

38. Tri-City is entitled to recover interest in the amount of ten percent (10%) pursuant to the Illinois Mechanics Lien Act, 770 ILCS 60/1.

39. Owner and APB are without any just cause or right for withholding payment from Tri-City and accordingly, Tri-City is entitled to all costs it has incurred to collect the amounts due from APB and Owner, including its reasonable attorneys' fees pursuant to Section 17(b) of the Illinois Mechanics Lien Act, 770 ILCS 60/17(b).

40. Tri-City's Claim for Lien takes priority in the Real Estate over the interests of Owner, and the other named Defendants, in full, or at least to the value of the improvements made by Tri-City.

41. There may be other parties who have, or may claim to have, some interest, title or claim in the Real Estate whose identity is unknown and unascertainable to Tri-City at this time and who are joined at this time as "Unknown Necessary Parties" and "Unknown Owners and Non-Record Claimants" but whose claim or interest is likewise subject, subordinate and inferior to the rights of Tri-City. Such "Unknown Necessary Parties" and "Unknown Owners and Non-Record Claimants" may, by way of example and not of limitation include:

    a. The general and limited partners of any partnership or joint venture or the members of any limited liability company or other entity claiming herein;

    b. The holder or holders of any indebtedness secured by any encumbrance,

8

mortgage, trust deed, or financing statement not filed or recorded against said premises;

    c.    The unknown beneficiaries or their assignees of any trust claiming hereunder;

    d.    The assignees and/or grantees of any person claiming hereunder;

    e.    The spouse or spouses of any person claiming hereunder;

    f.    Any and all persons in possession of the Real Estate or any part thereof; and,

    g.    The unknown heirs, executors, administrators, personal representatives, or successors in interest of any person named herein.

42.    The names of such potential entities are unknown to Tri-City and upon diligent inquiry, the names and addresses thereof cannot be ascertained and all such persons are thereof made party Defendants to this action by the names and description of "Unknown Necessary Parties" and "Unknown Owners and Non-Record Claimants."

43.    On November 7, 2023, the Millennia Parties entered into a settlement agreement with Tri-City relative to the dispute in this matter (the "Settlement Agreement"). A true and accurate copy of the Settlement Agreement is attached as **Exhibit E**.

44.    Pursuant to the Settlement Agreement, the Millennia Parties agreed to pay Tri-City $230,959.73 on or before December 1, 2023.

45.    Section 8 of the Settlement Agreement provides that, if the Millennia Parties breach the Settlement Agreement and fail to cure such breach, Tri-City may seek to enforce the settlement in the present action, and/or elect to proceed with its lien foreclosure.

46.    Section 8 of the Settlement Agreement provides that, in the event that Tri-City elects to proceed with its lien foreclosure, "the Millennia Parties will stipulate without need to

adjudicate any question of fact or law that the relief sought under the Mechanics Lien Act (the "Act") is due and owing and the amount due Tri-City pursuant to the Subcontract and its rights under the Act is $230,959.73 *plus* attorney's fees and interest (at the rate of 10% per annum) which might have been incurred by Tri-City after the Effective Date hereof."

WHEREFORE, Tri-City Electric Company of Iowa claims the following relief:

A. That an accounting may be taken for the purpose of determining the amount due to Tri-City, and that Owner and APB may be directed to pay Tri-City by a short date to be fixed by the Court whatever sums shall be found due upon the taking of proofs herein, including interest at the statutory rate of ten percent (10%) per annum pursuant to the Illinois Mechanics Lien Act, 770 ILCS 60/1 from the date same was due until paid, and Tri-City's costs incurred in connection with this proceeding, including reasonable attorney's fees pursuant to the Illinois Mechanics Lien Act, 770 ILCS 60/17(b).

B. That Tri-City may be decreed to have a first and prior lien on the Real Estate, as well as on monies to be paid to APB under the General Contract, for the amount found due to Tri-City by virtue of the Illinois Mechanics Lien Act, 770 ILCS 60/1, *et seq.*, paramount and superior to all other liens upon the Real Estate and funds due Tri-City specified herein, including the mortgage of Berkadia and any other recorded claims of ownership of the Real Estate.

C. That in default of the payment of the sum found due to Tri-City, said Real Estate, or any lesser portion, may be sold to satisfy said sum, and such funds in Owner's possession that are due and owed to APB and to which the lien attaches shall be turned over to Tri-City, including interest and costs, and including the charges, costs and expenses of sale.

D. That in case of sale and failure to redeem therefrom with the time allowed by law, all parties to this action and all persons claiming by, through or under them, may be forever barred

and foreclosed from all rights and interest in and to said Real Estate including equity of redemption.

  E. That in case of sale and failure to redeem therefrom within the time allowed by law, a Sheriff's Deed may be issued to the purchaser at said sale, or its assigns, and upon the issuance of said Deed, the Grantee or Grantees therein may be let into immediate possession.

  F. That in case the proceeds of such sale shall be insufficient to pay in full the amount due Tri-City, including interest and costs, and including the charges, costs and expenses of such sale, a deficiency decree may be entered against Owner and APB as may be found personally liable to pay the same and that execution may issue thereon.

  G. That Tri-City may have such other and further or different relief in the Real Estate, the funds owed from Owner to APB, or against any of the Defendants as the Court shall deem equitable and proper.

## COUNT II
### ACTION PURSUANT TO 770 ILCS 60/28
**(Against Heather Ridge IL TC, LP and American Preservation Builders, LLC)**

47. Tri-City reincorporates and realleges paragraphs 1 through 46 as if fully set forth in this Count II as paragraph 47.

48. Section 28 of the Illinois Mechanics Lien Act (770 ILCS 60/28) provides that Owner and APB are jointly and severally liable for any amount due to Tri-City, with the Owner's liability limited to the pro-rata share due Tri-City from funds due under the General Contract between Owner and APB.

49. Upon information and belief, at the time Tri-City served the Notice of Intent to File a Lien Claim, there remained due under the General Contract for payment from Owner to APB sufficient monies to pay the entirety of Tri-City's Claim for Mechanics Lien.

50. Accordingly, under Section 28 of the Illinois Mechanics Lien Act, Owner and APB

are jointly and severally liable to Tri-City for payment in the amount of the Claim for Mechanics Lien, which is One Hundred Seventy-Seven Thousand One Hundred Eighty-One Dollars and Six Cents ($177,181.06).

51. Tri-City is entitled to recover interest in the amount of ten percent (10%) per annum pursuant to the Illinois Mechanics Lien Act, 770 ILCS 60/1.

52. Owner and APB are without any just cause or right for withholding payment from Tri-City and accordingly, Tri-City is entitled to all costs it has incurred to collect the amounts due from APB and Owner, including its reasonable attorneys' fees pursuant to Section 17(b) of the Illinois Mechanics Lien Act, 770 ILCS 60/17(b).

WHEREFORE, Plaintiff Tri-City Electric Company of Iowa prays the Court that judgment be entered jointly and severally against Defendants Heather Ridge IL TC, LP and American Preservation Builders, LLC in the amount of One Hundred Seventy-Seven Thousand One Hundred Eighty-One Dollars and Six Cents ($177,181.06), as provided in 770 ILCS 60/28, together with statutory interest at the rate of ten percent (10%) per annum under 770 ILCS 60/1, attorney's fees under 770 ILCS 60/17(b), its costs herein, and such other and further relief as this Court deems equitable and proper.

## COUNT III
## ACTION TO ENFORCE SETTLEMENT AGREEMENT
(*In the Alternative* Against Heather Ridge IL TC, LP,
American Preservation Builders, LLC, and Millennia Housing Development, Ltd.)

53. Tri-City reincorporates and realleges paragraphs 1 through 52 as if fully set forth in this Count III as paragraph 53.

54. On November 7, 2023, the Millennia Parties entered into the Settlement Agreement attached as Exhibit E.

55. The Settlement Agreement is a valid and enforceable agreement.

56. Pursuant to the Settlement Agreement, the Millennia Parties agreed to pay Tri-City $230,959.73 on or before December 1, 2023.

57. The Millennia Parties failed to timely make payment to Tri-City, thus defaulting the terms of the Settlement Agreement.

58. On December 6, 2023, Tri-City sent a formal notice of default to the Millennia Parties as required by the terms of the Settlement Agreement.

59. Despite having had ample opportunity to cure their default under the Settlement Agreement, the Millennia Parties have failed to do so.

60. Tri-City has been damaged as a result of the Millennia Parties' failure to pay the amounts due under the Settlement Agreement.

61. Section 8 of the Settlement Agreement provides that, if the Millennia Parties breach the Settlement Agreement and fail to cure such breach, Tri-City may seek to enforce the settlement in the present action, and/or elect to proceed with its lien foreclosure.

62. Section 9 of the Settlement Agreement provides that, in the event any Party seeks to enforce this Agreement due to another Party's alleged breach, the Prevailing Party shall be entitled to recover its reasonable costs and expenses, including reasonable attorneys' fees, relating to such enforcement.

WHEREFORE, Plaintiff Tri-City Electric Company of Iowa prays the Court that judgment be entered against Defendants Heather Ridge IL TC, LP, American Preservation Builders, LLC, and Millennia Housing Development, Ltd. in the amount of Two Hundred Thirty Thousand Nine Hundred Fifty-Nine Dollars and Seventy-Three Cents ($230,959.73) plus attorney's fees and interest (at the rate of 10% per annum) which have been incurred by Tri-City after November 7, 2023, the Effective Date of the Settlement Agreement, and such other and further relief as this

Court deems equitable and proper.

                Respectfully submitted,

                /s/Brendan J. Witry

Ryan A. Hiss
Marissa L. Downs
Brendan J. Witry
LAURIE & BRENNAN, LLP
2 N. Riverside Plaza, Suite 1750
Chicago, Illinois 60606
T: (312) 445-8780
F: (312) 948-9055
rhiss@lauriebrennan.com
mdowns@lauriebrennan.com
bwitry@lauriebrennan.com

Michael A. Koury
BUSH, MOTTO, CREEN, KOURY & HALLIGAN, P.L.C.
5505 Victoria Ave, Suite 100
Davenport, Iowa 52807
T: (563) 344-4900
F: (563) 344-8961
makoury@bmcklaw.com

*Counsel for Tri-City Electric Company of Iowa*

UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| TRI-CITY ELECTRIC COMPANY OF IOWA,<br><br>    Plaintiff,<br><br>v.<br><br>HEATHER RIDGE II TC, LP, *et al.*<br><br>    Defendants. | Case No. 23-cv-4135<br><br>Chief Judge Sara Darrow<br><br>Magistrate Judge Jonathan E. Hawley |

### DECLARATION OF THOMAS OSIER

    I, Thomas Osier, declare that I am a duly authorized officer of Tri-City Electric Company of Iowa, and that I have read the foregoing Amended Complaint and certify that the statements set forth in this Amended Complaint are true and correct, except as to matters therein stated to be on information and belief, and as to such matters, I certify as aforesaid that I verily believe the same to be true.

    Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foreign is true and correct.

Executed on: June 14, 2024

                                                               TRI-CITY ELECTRIC COMPANY OF IOWA

                                                               By:    Thomas Osier

                                                               Its:    General Counsel